## MIAMI SAVINGS & LOAN COMPANY, Liquidation, In re.

Ohio Appeals, Second District, Montgomery County.

No. 2066-C.  Decided November 21, 1951.

Cowan & Adams, Harold F. Adams, of Counsel, Columbus, for appellant.

Mason Douglass, Dayton, for appellee, Miami Savings & Loan Company.

### OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court, classifying all of the accounts mentioned herein as "running stock" accounts, which the appellant contends constituted error under the facts presented.

It is urged that the following accounts should have been classified as "trust funds" as described in Section 8 of the Report of the Commissioners, being money paid into the Miami after it became insolvent, to-wit: May 11, 1931, and which were held to be trust accounts, but the following were not so classified:

1. Account No. 2596, Louise Freihofer, $780.77.

The record reveals all the money in this account was paid in on November 10, 1932.

2. Account No. 13020, Ora Kibler, $500.00.

All of this sum was deposited with the company on May 11, 1931.

3. Account No. 14095, Martha G. Kane, $5.00.

This sum was paid in on July 3, 1931. The record reveals that prior to this time there was a balance of $218.24 in this account.

4. Account No. 11142, Hattie G. Hurst, $125.00.

The record reveals that $62.50 was paid in on June 1, 1931, and $62.50 on August 4, 1931.

It is our conclusion that the Court erred in its classification of the above accounts as running stock accounts; that as to them the judgment is reversed and the same are ordered to be classified as trust funds as described in Section 8 of the Commissioners' Report.

It is further urged by the appellant that account No. 11142, Hattie G. Hurst, for $3750.84 should be classified as a contract deposit account and placed in Schedule A as described in Section 5, subdivision 5 of the Report of the Commissioners, the same being deposits transferred to running stock after May 14, 1929, where no subscription for shares was ever signed by the said Hattie G. Hurst; that the transfer of June 30, 1930 to a running stock account was never authorized.

We think that the report supports the appellant's contention and are of the opinion that the status of the depositor could not be changed to that of a stockholder without authority from the said depositor. **Sharts v. Warner, 23 Abs 88; Stomberger v. Miami Savings & Loan Co., 32 Abs 402; Busch v. Wagoner, 34 Abs 586.**

The error assigned to the classification of the aforesaid account is well taken and it is therefore ordered that the same be classified as a deposit account.

It is next urged that the Court erred in not classifying the following accounts as creditor accounts as described in Section 11 of the Commissioners' Report and which classified all new accounts opened after May 14, 1929, as general creditors.

1. Account No. 13948, Marie Lerch, $10.13.

This account was opened March 9, 1931, and therefore comes within the above classification.

2. Account No. 11494, Clarence Hofele, $110.00. This account was opened on March 3, 1931, and also would be entitled to the status of a creditor.

3. Account No. 14095, Martha G. Kane, $213.24.

The record reveals this account was opened on August 5, 1929, and therefore it should also be classified as a creditor account.

As to these three aforesaid accounts the judgment will be reversed and the same ordered reclassified as indicated.

It is admitted by the appellant that the following accounts are properly classified:·

362

No. 10087, Libbie Klepinger, $3318.17.
No. 1391, Mrs. E. M. or Erle M. Folk, $1431.27.
No. 343, Russel H. Cosler, $1371.64.
No. 20179, Frank S. Rinehart, $657.50.

The judgment will therefore be affirmed as to each of the four above listed appellants.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.